# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA MEDICAL FACILITY, et al.,<br><br>    Defendants. | No. 2:18-cv-2145 AC P<br><br>ORDER |

I.     Introduction

    Plaintiff is a state prisoner currently incarcerated at California State Prison Solano (CSP-SOL), under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, and a request for leave to proceed in forma pauperis filed pursuant to 28 U.S.C. § 1915. For the reasons that follow, the court grants plaintiff's request to proceed in forma pauperis and gives plaintiff the opportunity to file a First Amended Complaint.

II.     In Forma Pauperis Application

    Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). See ECF No. 8. Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

Plaintiff must still pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

### III. Screening of Plaintiff's First Amended Complaint

#### A. Legal Standards for Screening Prisoner Civil Rights Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B. Plaintiff's Allegations

When previously incarcerated at the California Medical Facility (CMF), plaintiff submitted a letter to this court requesting that he be transferred to a General Population Level 3 yard "before me or other inmates get hurt." See ECF No. 1 at 1. Plaintiff stated that he qualifies for accommodations under the Americans with Disabilities Act (ADA) because he has 4 screws in his back. He explained that he was an "Active Southern" and "a G.P. inmate," not a "program inmate," and disagreed with the July 17, 2018 decision of CMF Correctional Counselor II (CC II) Davis to transfer plaintiff to a special needs program yard. Id. He complained that he had been placed in CMF's administrative segregation unit (Ad Seg) "for not wanting to be a program inmate." Id.

The court informed plaintiff that, to proceed with this action, he must file a complaint and an application to proceed in forma pauperis. ECF No. 7. Plaintiff filed both documents.

When plaintiff filed his complaint on December 26, 2018, he had been transferred to, and housed at, CSP-SOL for more than four months. The complaint recounts plaintiff's difficulties while housed at the Correctional Health Care Facility (CHCF) in Stockton, apparently before he

3

was incarcerated at CMF or between his incarcerations at CMF and CSP-SOL. Plaintiff states he was then post-surgical, in a wheelchair, and that his placement in a special needs yard placed him in danger because he had "to defend" himself between the "two status inmates," including in a fight January 2018 and a riot February 2018. ECF No. 12 at 3. Plaintiff alleges that the situation "forced [him in] to a very complicated strategic decision of no real choices." Id. at 4. He alleges that his wheelchair was damaged, requiring him to forfeit $350.00. Id. Plaintiff also alleges that "[t]he prison unit for my housing unit wasn't up to standards to accommodations . . . [causing plaintiff] discomfort, pain after surgery, then reinjuring back, hip. That my use of wheel chair was lengthened and make use of walker after chair which wouldn't had been needed or another forecoming surgery of lower back and correction of 3 [illegible] fusen screws, which allows my ableness to walk and function as one human [with] no assistance of nurse or assistant." Id.

The complaint seeks the following relief: "To be reviewed and true assessment of placement without any dangerment, harm for me as Active General Population Inmate;" "to have ALL medical needs and attentions needs forthcoming completed;" and $100,000 in damages "for the wrong of CDCR, stress, depression, hardship." ECF No. 12 at 6.

The complaint identifies the following defendants: CHCF Warden Martel, CHCF CC II (Correctional Counselor II) Frazier and "other state employees of [CHCF]," including "4 Janes Does" and "4 John Does." Id. at 2.

### C. The Complaint's Defects

#### 1. Constitutional Claims for Injunctive Relief are Moot

With the possible statutory exceptions noted below (concerning the Americans with Disabilities Act and Rehabilitation Act), plaintiff's institutional transfers prior to filing his complaint renders moot any constitutional claim for injunctive relief at CMF and CHCF. Plaintiff has no standing to seek injunctive relief regarding practices at a facility in which he is no longer held. "When an inmate challenges prison conditions at a particular correctional facility, but has been transferred from the facility and has no reasonable expectation of returning, his claim is moot." Pride v. Correa, 719 F.3d 1130, 1138 (9th Cir. 2013) (citing Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991)). An inmate's claims for prospective injunctive and declaratory relief

are moot when he "no longer is subjected to [the allegedly unconstitutional] policies." Johnson, 948 F.2d at 519; Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001) ("when a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility").

However, plaintiff may still be able proceed with his claim for damages relief if cognizable in an amended complaint. See Nwozuzu v. Runnels, 338 Fed. Appx. 724, 725 (9th Cir. 2009).

2. Americans with Disabilities Act & Rehabilitation Act

The Americans with Disabilities Act (ADA), 42 U.S.C.A. § 12131 et seq., and the Rehabilitation Act (RA), 29 U.S.C.A. § 794, preclude discrimination on the basis of disability, and apply to inmates and parolees in the state correctional system. Armstrong v. Wilson, 124 F.3d 1019, 1022-24 (9th Cir. 1997); Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206 (1998). The standards for determining whether an act of discrimination violated the RA are the same as those applied under the ADA. Coons v. Secretary of U.S. Dept. of Treasury, 383 F.3d 879, 884 (9th Cir. 2004). To state a claim under Title II of the ADA, plaintiff must allege the following:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability.

O'Guinn v. Lovelock Corr. Center, 502 F.3d 1056, 1060 (9th Cir. 2007) (citations, punctuation and internal quotation marks omitted).

The relief generally granted under the ADA and RA is equitable. Because plaintiff is no longer incarcerated in the institutions where he claims his rights were violated, it is unlikely plaintiff can state a cognizable ADA or RA claim for equitable relief. However, monetary damages are available under the ADA and RA upon a showing that defendant intentionally discriminated against plaintiff. Duvall, 260 F.3d at 1138–39.[1]

---

[1] To state a claim for intentional discrimination, a plaintiff must allege: 1) that a public entity (continued...)

5

### 3. No Cognizable Claim Premised on Classification or Housing

It is well established that prisoners have no federal constitutional right to a particular classification or program status or to choice in housing. Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (citing Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)). Nor do prisoners have a liberty interest in remaining in the general population. McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir.1985). "[I]t is well settled that prison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status." McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations and internal quotation marks omitted). Accord, Garcia v. Biter, 2016 WL 2625840, at *2 n.2, 2016 U.S. Dist. LEXIS 61252, at *5 n.2 (Case No. 1:13cv0599 LJO SKO P) (E.D. Cal. May 9, 2016) ("Plaintiff's housing status and other custody or classification factors are left to the sound discretion of prison officials.").

For these reasons, plaintiff may not pursue claims that challenge his classification or program status, or his placement in a particular institution or housing unit.

### 4. Defendants

Plaintiff names "4 Janes Does" and "4 John Does" as defendants, each generally described as an employee of CHCF. However, the complaint does not further identify any of these defendants or make specific allegations against any of them. "Doe" defendants are disfavored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). In the absence of an identifiable claim against a specific Doe defendant whose identify can later be discovered, Doe defendants must be dismissed. Alternatively, if plaintiff can identify a Doe defendant against whom he can make specific allegations of misconduct, the Doe defendant may be retained until plaintiff timely seeks leave of court to identify the defendant in a further amended complaint. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

---

had knowledge that a violation of his rights under the ADA was substantially likely to occur; and 2) at a minimum, the public entity failed to act. Lovell v. Chandler, 303 F.3d 1039, 1056 (9th Cir. 2002). These elements are evaluated under a "deliberate indifference" standard. Duvall, 260 F.3d at 1138. "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Id. at 1139 (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

Plaintiff also names warden CHCF Warden Martel as a defendant. However, the complaint makes no charging allegations against defendant Martel. Supervisors may be held liable only for their own misconduct, not for the actions of their subordinates under a respondeat superior theory. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). Supervisors may be sued only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Because the complaint identifies no specifically challenged conduct by Warden Martel, his dismissal is warranted.

Additionally, the complaint makes no charging allegations against defendant Frazier, an individual correctional officer against whom plaintiff may be able to state a cognizable claim. However, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a specific defendant's actions and the claimed deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Plaintiff is informed that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of §1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."). Unless plaintiff can allege facts supporting a cognizable claim against Frazier, he must be dismissed from this action.

### 5. Vague Claims for Damages Relief

Plaintiff's request for damages relief is premised on his putative legal claims under the Eighth Amendment, and boxes he has checked on his form complaint for "basic necessities," "medical care," "retaliation," "excessive force by an officer" and "threat to safety" (to which he's added "to program with enem[ies]"). ECF No. 12 at 3, 4. Plaintiff also lists the ADA, RA and several California statutes. Id.

7

Plaintiff's factual allegations as currently framed fail to state a cognizable claim supporting any relief. This includes the alleged damage to his wheelchair requiring plaintiff to "forfeit" $350.00. ECF No. 12 at 4. Only an intentional, authorized deprivation of property gives rise to an actionable Section 1983 claim, for violation of the Due Process Clause. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing Cal. Govt. Code §§ 810–95).

### 6. The Complaint is Subject to Dismissal

For all these reasons, the complaint is subject to dismissal under 28 U.S.C. § 1915A(b). However, rather than recommend dismissal at this time, the undersigned will give plaintiff an opportunity to file an amended complaint. In drafting an amended complaint, plaintiff should carefully consider the legal principles now explained.

### D. Legal Principles Governing Potential Claims

Plaintiff is informed of the following legal standards pertinent to his allegations that may support a cognizable claim in an amended complaint.

### 1. Medical Deliberate Indifference

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (internal citations, punctuation and quotation marks omitted).

"In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong ... is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted).

To state a cognizable claim for deliberate indifference to serious medical needs, a prisoner must plausibly allege that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," the evidence must show the defendant acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks, emphasis and citations omitted).

### 2. Excessive Force

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not ... use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)). When determining whether the force was excessive, we look to the "extent of the injury ..., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7 (citing Whitley, 475 U.S. at 321). While de minimis uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, at 9 (citing Whitley, at 327).

### 3. Retaliation

To state a cognizable retaliation claim, plaintiff must plead facts that support a reasonable inference that plaintiff's exercise of his constitutionally protected rights was the "substantial" or "motivating" factor behind the defendant's challenged conduct. See Soranno's Gasco, Inc. v.

9

Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989) (citing Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 419 U.S. 274, 287 (1977). Plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the challenged conduct. Pratt, 65 F.3d at 806 (citing Rizzo, 778 F.2d at 532). Although plaintiff need not allege that the retaliatory conduct violated a constitutional right, Pratt v. Rowland, 65 F.3d 802, 806 (1995), mere allegations of retaliatory motive or conduct are insufficient. A prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir. 1990).

Verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

### IV. Leave to File a First Amended Complaint

For the foregoing reasons, the original complaint will not be served. Plaintiff will be granted leave to file a proposed FAC within thirty days, in which he may attempt to state a cognizable federal claim subject to the standards set forth herein. The FAC must be on the form provided herewith, labeled "First Amended Complaint," and provide the case number assigned this case. The FAC must be complete in itself without reference to the original complaint. See Local Rule 15-220; Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

Should plaintiff state a cognizable claim against one or more defendants, the court will direct service of the FAC. Failure to timely file a FAC will result in the dismissal of this action without prejudice.

### V. Summary for Pro Se Litigant

You have been granted in forma pauperis status and will pay the filing fee over time.

The court has screened your complaint and found that it fails to state a claim. There are several problems: You may not seek injunctive relief from an institution in which you are no longer held. You may not sue supervisors for the conduct of people they supervise. And a complaint must identify individual defendants – if not by name, then by specific allegations

regarding their conduct – and explain how each of them violated your rights. Because your complaint does not properly state a claim, it will not be served.

You are being given thirty (30) days to file a First Amended Complaint (FAC). You are not obligated to file a FAC but, if you do, you should try to state a cognizable claim against a proper defendant. This order sets out the legal requirements for stating a claim for damages under the ADA and RA, and for stating the constitutional claims of medical deliberate indifference, excessive force, and retaliation.

Your FAC need not be long, only specific. The court will screen your FAC pursuant to 28 U.S.C. § 1997A. See "Legal Standards for Screening Prisoner Civil Rights Complaints," above. If your FAC is found to state a claim against one or more defendants, the court will order it served. Failure to correct the problems the court has identified will result in a recommendation that your complaint be dismissed.

## Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis, ECF No. 8, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The court finds that plaintiff's complaint, ECF No. 12, does not state a claim upon which relief can be granted. Plaintiff is granted leave to file a First Amended Complaint (FAC) within thirty (30) days after the filing date of this order, subject to the legal standards set forth above.

4. Failure to timely file a FAC will result in a recommendation that this action be dismissed without prejudice.

////

////

5. The Clerk of Court is directed to send plaintiff, together with a copy of this order, a copy of the form complaint used by prisoners in this district to pursue a civil rights action under 42 U.S.C. § 1983.

SO ORDERED.

DATED: December 19, 2019

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE